UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND PLASTERERS  :
AND CEMENT MASONS, et al. :
                          :
         v.               :  C.A. No. 05-128S
                          :
LAUGHLIN BUILDERS, INC.   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter comes before the Court on Plaintiffs' Motion for Entry of Judgment by Default (Document No. 7) filed pursuant to Fed. R. Civ. P. 55. This Motion has been referred to me for findings and recommendation. 28 U.S.C. § 636(b)(1)(B); Local Rule 32(c). A hearing was held on July 26, 2005. After reviewing the Memorandum submitted, listening to the arguments of counsel and conducting independent research, I recommend that the District Court GRANT Plaintiffs' Motion for Entry of Judgment by Default.

**Background**

Plaintiffs initiated this action on March 28, 2005 seeking to compel payment of contributions, interest and penalties pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq. On April 6, 2005, Plaintiffs filed a return of service executed on March 29, 2005 as to Laughlin Brothers, Inc. Defendant did not answer Plaintiffs' Complaint in a timely fashion and on May 27, 2005, Plaintiffs moved for and were granted default. Plaintiffs' Application for Entry of Default contains a certification that a copy was mailed to Defendant on May 24, 2005.

Plaintiffs then filed this Motion for Entry of Judgment by Default on June 15, 2005, which also contains a certification that a copy was mailed to Defendant on June 14, 2005. To date, Defendant has not answered or otherwise responded to this suit.

Plaintiffs initially moved for the entry of default judgment in the amount of $31,727.48, representing unpaid contributions, interest, penalties, costs and attorneys' fees. With their Motion, Plaintiffs submitted an Affidavit and two exhibits supporting their calculations, which the Court considered. At the hearing on July 26, 2005, the Plaintiffs also presented two additional exhibits: a printout illustrating the Bank of America Prime Rate History for the applicable time period, and a copy of the relevant Trust Agreement. Further, Plaintiffs called a witness, Paul Sarza, a CPA and Auditor, to testify regarding his audit of the funds. Mr. Sarza testified that he conducted an audit of the funds for the relevant time period from 2000 through 2002, and he further testified that he was "comfortable" that $20,112.21 was an accurate reconciliation of the contributions owed by Laughlin Brothers, Inc. for the dates in question. Following Mr. Sarza's verification of the contributions owed, the Court reviewed the calculations of interest, penalties, attorneys' fees and costs with Plaintiffs' counsel. After discussion, the Court accepted Plaintiffs' counsel's calculations of interest owed of $3,371.23, penalty of $4,340.54, attorneys' fees of $2,635.75 and costs of $344.00. Upon adding the contributions owed, to the interest, penalties, attorneys fees' and costs, the Court calculated the total amount due to Plaintiffs as $30,803.73, rather than the $31,727.48 initially requested by Plaintiffs. Plaintiffs' counsel agreed that the Court's calculations were correct.

## Conclusion

Thus, for the reasons discussed above, I recommend that the District Court GRANT Plaintiffs' Motion for Entry of Judgment by Default (Document No. 7) in the amount of $30,803.73.

/s/ Lincoln D. Almond

LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2005